JUDGE HARDIN
delivered the opinion of the court.
This appeal is prosecuted for the reversal of a judgment against the appellant for $1,104.37, in an action against him as the surety of Thomas C. Kyte upon a bond to the Louisville and Frankfort and Lexington and Frankfort Railroad Companies to secure the faithful performance of Kyte’s duties as their agent, and the payment of all sums of money received by him as such.
From the deposition of Beynroth, the only testimony heard on the trial, it appears that Kyte’s agency was revoked, and he was discharged from the service of said companies — which had been consolidated as one corporation — on the 19th day of April, 1869; but the court, against the objection of the defendant, permitted the plaintiff to read as evidence to the jury a letter proved by Beynroth to have been written by Kyte on the 23d of April, 1869, admitting in substance and effect his defalcation to the corporation in the sum of nine hundred and thirty-seven dollars. A statement of his accounts without date, signed by him, éhowing a balance due from him of $1,014.75, was also admitted as evidence; but it does not certainly appear whether this statement was made before or after his removal.
Whether or not the court erred in admitting the letter as evidence is the principal question to be determined, and the only one we deem it necessary to decide on this appeal.
In 1 Greenleaf on Evidence, section 187, it is said that “if one becomes surety in a bond conditioned for the faithful conduct of another as clerk or collector, it is held that in an action on the bond against the surety confessions of embezzlement made by the principal after his dismissal are not admissible in evidence; though with regard to entries made in the *599 course of his duty it is otherwise.” This doctrine is substantially recognized and affirmed in the case of the Commonwealth for Russell v. Brassfield, 7 B. Monroe, 447, and also in Cassitys v. Robinson, 8 B. Monroe, 279, and is, we think, conclusive of the question presented in this case. The application of the principle is the same, whether the declaration attempted to be proved as evidence be written or oral. It is not admissible to bind the surety if made, as in this case, after the alleged defalcation had occurred and the dismissal of the principal, and especially so when not made in the course of any official duty which he might still perform by reason of his former employment.
Wherefore the judgment is reversed, and the cause remanded for a new trial and further proceedings consistent with this opinion.